JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CIRCA 1200 LLC, | ) | Case No. CV 25-2275 FMO (AGRx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER REMANDING ACTION** |
| THOMAS FERRILL, | ) | |
| Defendant. | ) | |

On March 21, 2025, defendant Thomas Ferrill ("defendant"), apparently having been sued by Circa 1200 LLC ("plaintiff") in what appears to be a routine unlawful detainer action in California state court, removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, Notice of Removal of Action ("NOR") at 1-4).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts

1 in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a),[2] complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a).

Here, there is no basis for subject matter jurisdiction.  As an initial matter, the notice of removal is vague regarding the claims at issue in the complaint, (see Dkt. 1, NOR at ¶ 1), and defendant has not attached the state court complaint.  (See, generally, id.).  Instead, plaintiff has attached only a photograph of a proof of service.  (See id., Exh. A, Proof of Service).  But it appears, from the proof of service, that this is an unlawful detainer action.  (See id.).  With respect to defendant's contention that diversity of citizenship exists, (see Dkt. 1, NOR at ¶¶ 4-5), defendant has failed to adequately set forth the citizenship of plaintiff, which is an LLC.  (See, generally, id.).  Limited liability companies are "citizen[s] of every state of which [their] owners/members are citizens."  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

(9th Cir. 2006).  As such, "the citizenship of each individual member of [a limited liability company] must be alleged (and if these members include partnerships, limited partnerships, or limited liability corporations, the citizenship of each individual member of those entities must be alleged–and so on)."  Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F.Appx. 62, 64 (9th Cir. 2011).  Here, defendant recognizes that he is unaware of the citizenship of all members of plaintiff.  (See Dkt. 1, NOR at ¶ 5).  Thus, he has failed to show that complete diversity of the parties exists.  See, e.g., Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F.Appx. 62, 64 (9th Cir. 2011) (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity); Amescua v. Peacock TV LLC, 2024 WL 39192, *3 (C.D. Cal. 2024) (remanding action where LLC defendant "fail[ed] to specifically identify [its] member's members and allege each one's citizenship").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met his burden.  Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 9th day of May, 2025.                              /s/
                                                    Fernando M. Olguin
                                                    United States District Judge

3